6-22-2009: Historical Cell-Site Information
F.#2012R01439

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

12 MISC 759

- - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION         :
OF THE UNITED STATES OF AMERICA         :    SEALED APPLICATION
FOR AN ORDER AUTHORIZING THE RELEASE    :
OF HISTORICAL CELL-SITE INFORMATION     :
- - - - - - - - - - - - - - - - - - - - x

      MARIA CRUZ MELENDEZ, an Assistant United States Attorney for the Eastern District of New York, hereby applies to the Court for Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days TRACFONE WIRELESS, INC. D/B/A SIMPLE MOBILE (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from 347-433-3058, a prepaid telephone issued by the service provider (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the period of September 13, 2011 through September 30, 2012 (collectively, "the HISTORICAL CELL-SITE INFORMATION").

      In support of this application I state the following:

      1.   I am an Assistant United States Attorney in the Office of Loretta E. Lynch, United States Attorney for the Eastern District of New York. As such, I am a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d) and, as such, am authorized to apply for Orders

authorizing the disclosure of the HISTORICAL CELL-SITE INFORMATION.

2. The Court is authorized to order the disclosure of the HISTORICAL CELL-SITE INFORMATION upon the government offering specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation. 18 U.S.C. § 2703(d).

3. I have discussed this matter with a special agent of the United States Secret Service (the "investigative agency"), who is involved in the investigation. Based upon my discussion with the agent, I believe that the information likely to be obtained is relevant to an ongoing criminal investigation as required by 18 U.S.C. § 2703(d). First, the investigative agency is conducting a criminal investigation into possible violations of federal criminal laws, including aggravated identity theft, in violation of 18 U.S.C. § 1028A. Second, it is believed that JOHN DOE, also known as LEROY SCRIVEN, and others known and unknown, have used the SUBJECT TELEPHONE in furtherance of the above offense. Third, HISTORICAL CELL-SITE INFORMATION will further the investigation by providing leads as to subject's residences and meetings and location of evidence.

4. Based upon discussions with a special agent of the investigative agency, the government hereby sets forth the

following specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation. This investigation has established information indicating that the target is using the SUBJECT TELEPHONE. On May 17, 2012, investigators from Applied Bank notified the investigative agency of deposits of checks that were later deemed to be counterfeit into the Applied Bank account of one RICHARD A. PETERS ("Peters Applied Bank Account"). Three checks, drawn on the JPMorgan Chase account of Time Warner and totaling over $530,000, were deposited into the Peters Applied Bank Account. The Peters Applied Bank Account was opened using an application submitted on January 10, 2012 which included the number belonging to the SUBJECT TELEPHONE.

5. A review of records related to the Peters Applied Bank Account revealed debits totaling over $264,000 via twelve checks written to three individuals: RICHARD PETERS ("PETERS"), HILTON BLACHMAN ("BLACHMAN"), and THOMAS MARLOW ("MARLOW"). An examination of these checks revealed funds transfers from the Peters Applied Bank Account to various accounts belonging to MARLOW, BLACHMAN, and PETERS. These checks were deposited into accounts held by MARLOW, BLACHMAN, or PETERS at Ally Bank, First Niagra Bank, HSBC, Fidelity Investments, and JPMorgan Chase.

6. Further review of the Peters Applied Bank Account revealed transactions between the Peters Applied Bank Account and other financial institutions, including Charles Schwab, HSBC, TD Ameritrade, Fidelity Investments, and First Niagra Bank, with accounts opened under the name RICHARD A. PETERS.

7. The investigative agency was contacted by TD Ameritrade concerning two accounts held in the name of PETERS and BLACHMAN, respectively ("Peters TD Ameritrade Account" and "Blachman TD Ameritrade Account"). The investigative agency learned that the Peters TD Ameritrade Account was opened with an online application submitted on November 10, 2011 using the SUBJECT TELEPHONE number. In addition, the SUBJECT TELEPHONE was used to access the Peters TD Ameritrade Account on December 5, 2011.

8. Further review of the Peters Applied Bank Account revealed a cashier's check deposit from Charles Schwab payable to RICHARD A. PETERS. After discussion with contacts at Charles Schwab, the investigative agency learned that the SUBJECT TELEPHONE number was used to open an account at Charles Schwab on October 28, 2011 in PETERS's name ("Peters Charles Schwab Account").

9. In addition, documents related to the account opened at First Niagra Bank under the name RICHARD A. PETERS on November 28, 2011 ("Peters First Niagra Account") revealed that

4

the SUBJECT TELEPHONE number was used on an online application submitted to open the account.

10. Moreover, M&T Bank confirmed that an account was opened under the name RICHARD A. PETERS on January 14, 2012 via an application that used the SUBJECT TELEPHONE number. M&T Bank informed the investigative agency that PETERS attempted to deposit a check drawn off of a New York Road Runners JPMorgan Chase Account. A review of the bank records showed debit card purchases at "Checks for Less," a company that supplies checks to businesses. Records revealed purchases of checks for three businesses, including New York Road Runners. The CFO of New York Road Runners confirmed that no one in her organization authorized the drawing of a check made payable to RICHARD A. PETERS.

11. A review of bank records associated with the account opened using the name BLACHMAN at Fidelity Investments (BLACHMAN FIDELITY ACCOUNT), which received funds from the Peters Applied Bank Account, revealed a debit card purchase on May 7, 2012 at a Walmart in Glenmont, New York. The investigative agency obtained and reviewed surveillance photos taken of the individual making the purchase at the Walmart on May 7, 2012.

12. As mentioned above, funds from the Peters Applied Bank Account were deposited into an account at Ally Bank held in MARLOW's name ("Marlow Ally Bank Account"). The investigative agency learned that Ally Bank identified the transaction as

fraudulent and returned the funds to the Peters Applied Bank Account.

13. Further investigation revealed that the accounts opened under BLACHMAN's name, which received funds from the Peters Applied Bank Account, used the address 50 Lexington Avenue, PM-147, New York, New York 10010 ("50 Lexington Ave."). Upon visiting that address, the investigative agency learned that 50 Lexington Ave. belongs to an apartment complex and several storefronts, including a copy and mail center business. The owner of the copy and mail center business informed the investigative agency that she rents a mailbox to a LEROY SCRIVEN ("SCRIVEN") and his co-signer, HILTON S. BLACHMAN. The investigative agency obtained a copy of SCRIVEN's and BLACHMAN's drivers licenses and the rental application.

14. A database search of SCRIVEN revealed that SCRIVEN has a valid New York State driver's license and suspended licenses in Florida and Pennsylvania. All of the licenses use the same name, spelling, date of birth, and social security number. The investigative agency requested the driver's license photographs from the New York, Florida, and Pennsylvania licenses. The New York State driver's license photograph matches the photos of the individual using the BLACHMAN FIDELITY ACCOUNT debit card to purchase goods at the Walmart in Glenmont on May 7, 2012. Neither the Pennsylvania nor the Florida driver's license

photos match the New York driver's license photos, despite, as mentioned above, using identical pedigree information.

15. Further investigation revealed that an account was opened at Fidelity Investments using the name LEROY SCRIVEN. Fidelity Investments informed the investigative agency that they commenced an investigation into SCRIVEN in 2010 as a result of his funding of the account with a check that they determined to be fraudulent.

16. Moreover, a review of records obtained related to a bank account opened under BLACHMAN's name at First Niagra Bank ("Blachman First Niagra Account") reveals several transactions at various ATMs, including ATMs owned by Citibank. A review of surveillance footage taken on the same day and time as these Citibank ATM transactions showed an individual matching both the SCRIVEN New York driver's license photograph and the May 7, 2012 Walmart surveillance photographs accessing and withdrawing funds from the Blachman First Niagra Account and Blachman Fidelity Account on several different occasions. The investigative agency contacted the New York State Division of Motor Vehicle ("DMV") and an investigator from the DMV stated that it had an ongoing investigation into SCRIVEN. The investigator from the DMV also noted that it did not believe the person depicted in the SCRIVEN New York driver's license to be the person to who the identifying information actually belonged. Further investigation revealed

that SCRIVEN has opened accounts at Citibank, TD Ameritrade, and at least four accounts at JPMorgan Chase.

17. As noted above, the SUBJECT TELEPHONE was used by the target on multiple occasions to open various bank accounts using various identities. The investigative agency determined that those individuals did not authorize the opening of these accounts in their names. Telephone interviews of persons identified by the investigative agency to actually be Richard Peters, Thomas Marlow, and Hilton Blachman revealed that these three individuals did not open any of the above-mentioned accounts and did not authorize the use of their identity to open any of the above-mentioned accounts. During the interviews, Peters, Marlow, and Blachman indicated that they were victims of identity theft and have taken steps with the banks and/or law enforcement to attempt to rectify the situation. As discussed above, the target has also used the identity LEROY SCRIVEN to open bank accounts and otherwise facilitate the scheme. Based on the investigation, the investigative agency has indicated that they do not believe the accounts were opened by or with the authorization of the person who actually matches the social security number and date of birth used to open the accounts.

18. The target used the SUBJECT TELEPHONE number to open accounts using the name Richard A. Peters at the following institutions on the following dates: Fidelity Investments on

8

September 20, 2011; Charles Schwab on October 28, 2011; TD Ameritrade on November 10, 2011; First Niagra Bank on November 28, 2011; Applied Bank on January 10, 2012; and M&T Bank on January 14, 2012. The target used the SUBJECT TELEPHONE to access the Peters TD Ameritrade Account on December 5, 2011. The SUBJECT TELEPHONE number was also used to open an account under the name Chad Reibman at First Niagra Bank on February 16, 2012.

19. A review of records pertaining to the SUBJECT TELEPHONE obtained pursuant to subpoenas revealed that the majority of calls made from the SUBJECT TELEPHONE between October 2011 and September 2012 were 800 toll-free numbers. Outgoing calls to the numbers listed in the records revealed that the numbers were for financial institutions, including but not limited to, Applied Bank, First Niagra Bank, JPMorgan Chase Bank, HSBC, Charles Schwab, M&T Bank, E Trade, Key Bank, Capital One Bank, Ever Bank, AMEX Gift Card Service, GreenDot Gift Cards, and Money Pak Hotline, or check supplies businesses, including but not limited to, Carousel Checks and Ei Printing (Checks for Less).

20. Based upon the above proffer, the government requests that the Court issue Orders that provides, pursuant to 18 U.S.C. § 2703(c)(1) and (d), a directive to the service provider to supply within seven days the HISTORICAL CELL-SITE

INFORMATION for the period of September 13, 2011 through September 30, 2012.

21. The government also requests that the service provider, and any other person or entity whose assistance is used to facilitate execution of the Orders be ordered not to disclose (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider and (c) the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person, unless and until otherwise ordered by the Court. Any such disclosure might cause a target to flee from prosecution, result in the destruction of or tampering with evidence, risk intimidation of potential witnesses, or seriously jeopardize the investigation.

22. No prior request for the relief set forth herein has been made except to the extent set forth above. The foregoing is affirmed under the penalties of perjury. See 28 U.S.C. § 1746.

Dated:    Brooklyn, New York
          November 8, 2012

                                    _____
                                    Maria Cruz Melendez
                                    Assistant United States Attorney
                                    (718) 254-6408

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**12 MISC 759**

- - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION :
OF THE UNITED STATES OF AMERICA : SEALED ORDER
FOR AN ORDER AUTHORIZING THE RELEASE : <u>OF AUTHORIZATION</u>
OF HISTORICAL CELL-SITE INFORMATION :
- - - - - - - - - - - - - - - - - - - - x

   This matter having come before the Court pursuant to an application by Assistant United States Attorney MARIA CRUZ MELENDEZ, an attorney for the Government as defined by Rule 1(b)(1) of the Federal Rules of Criminal Procedure and a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d), requesting Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days TRACFONE WIRELESS, INC. D/B/A SIMPLE MOBILE (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from 347-433-3058, a prepaid telephone (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the period of September 13, 2011 through September 30, 2012 (collectively, "the HISTORICAL CELL-SITE INFORMATION").

   UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS THAT:

   Pursuant to 18 U.S.C. § 2703(c)(1) and (d), the government has offered specific and articulable facts showing

that there are reasonable grounds to believe that the HISTORICAL CELL-SITE INFORMATION is relevant and material to an ongoing criminal investigation into possible violations of federal criminal laws, including aggravated identity theft in violation of 18 U.S.C. § 1028A, being conducted by the United States Secret Service (the "investigative agency"); now therefore,

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply to the investigative agency within seven days the HISTORICAL CELL-SITE INFORMATION for the period of September 13, 2011 through September 30, 2012.

Good cause having been shown, IT IS FURTHER ORDERED, that this Order and the application be sealed until otherwise ordered by the Court, and that the service provider, its representatives, agents and employees, and any other person or entity involved in facilitating this Order shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of this Order, the existence of the Order to Service Provider or the production of the HISTORICAL CELL-SITE INFORMATION to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or

receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated:  Brooklyn, New York
        November 8, 2012

                                        s/Joan M. Azrack
                                        UNITED STATES MAGISTRATE JUDGE
                                        EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**12 MISC 759**

------------------------------- x
IN THE MATTER OF AN APPLICATION        :
OF THE UNITED STATES OF AMERICA        :    SEALED ORDER TO
FOR AN ORDER AUTHORIZING THE RELEASE   :    SERVICE PROVIDER
OF HISTORICAL CELL-SITE INFORMATION    :
------------------------------- x

WHEREAS this Court has, upon the application of the United States of America, entered an Order pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days TRACFONE WIRELESS, INC. D/B/A SIMPLE MOBILE (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from 347-433-3058, a prepaid telephone issued by the service provider (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the period of September 13, 2011 through September 30, 2012 (collectively, "the HISTORICAL CELL-SITE INFORMATION")

NOW THEREFORE, IT IS HEREBY:

ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply within seven days the HISTORICAL CELL-SITE INFORMATION for the period of September 13, 2011 through September 30, 2012.

IT IS FURTHER ORDERED that this Order shall be sealed until otherwise ordered by the Court, except that copies may be

retained by the United States Attorney's Office, the United States Secret Service, the service provider and any other person or entity whose assistance is used to execute this Order; and

IT IS FURTHER ORDERED that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction, the existence of the this Order or the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated:   Brooklyn, New York
         November 8, 2012

                                    s/Joan M. Azrack
                                    _____
                                    UNITED STATES MAGISTRATE JUDGE
                                    EASTERN DISTRICT OF NEW YORK

2